THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PACIFIC MARKET INTERNATIONAL, LLC, a Washington limited liability company; and PMI WW BRANDS, LLC, a foreign limited liability company

Plaintiffs,

v.

JORGE CALUGAS and ADA CALUGAS,

Defendants.

Civil Action No. 2:25-cv-02557-JNW

**DEFENDANTS' MOTION TO SET ASIDE THE ENTRY OF DEFAULT**

NOTE ON CALENDAR: June 5, 2026

## I.    Introduction

Defendants Jorge and Ada Calugas (collectively, "Defendants" or the "Calugas"), by and through their respective counsel, respectfully move this Court to set aside its March 27, 2026 Entry of Default (Dkt. No. 16) and state as follows:

Counsel for Defendants asked counsel for both Plaintiffs Pacific Market International LLC and PMI WW Brands LLC (collectively, the "Plaintiffs") whether Plaintiffs opposed the filing of this motion; Plaintiffs indicated that they oppose this Motion. *See* May 22, 2026 Matuszewski Email, attached hereto as **Exhibit A**. Accordingly, this Motion is opposed.

DEFENDANTS' MOTION TO SET ASIDE
THE ENTRY OF DEFAULT - 1
Civil Action No. 2:25-cv-02557-JNW

**Bamert Regan**
600 1st Ave, Suite 330-55215
Seattle, WA 98104
206.486.7020

## II.      Facts

Plaintiffs filed their Amended Complaint on December 19, 2025, one week after their Original Complaint was filed. *See* Dkt. Nos. 1, 3. The Calugas were personally served with the Amended Complaint and Summons at their home on December 29, 2025. Dkt. Nos. 10, 11. Approximately two months later, on February 18, 2026, Plaintiffs mailed their notice of intent to move for entry of default to the Defendants; Plaintiffs' Motion for Entry of Default was filed on March 6, 2026. Dkt. No 14, p. 2.

On March 11, 2026, the Calugas first contacted Bamert Regan PLLC ("Bamert Regan") to represent them and signed an engagement letter on April 2, 2026 for the limited purpose of settlement, which should have been simple in view of the small volume of accused sales. In the interim, the Court granted Plaintiffs' Motion for Entry of Default. Dkt. No. 16. On April 7, 2026, to promote resolution of this matter, the Calugas's counsel informed Plaintiffs' local counsel via telephonic conference that all unsold STANLEY® products had been returned to Plaintiffs on February 5, 2025, more than 10 months before the Original Complaint was filed. *See* Dkt. No. 1. Plaintiffs' local counsel was unaware of this fact and told the Calugas's counsel that Plaintiffs' lead counsel was involved with the February 5, 2025 return of STANLEY® products. The Calugas's counsel memorialized this discussion via email on April 13, 2026 and requested dismissal of this action. On April 22, 2026, Plaintiffs' counsel rejected this request, and: 1) argued that the Calugas were now selling infringing STARBUCKS® products online;[1] 2) assumed that evidence was destroyed; and 3) demanded that the Calugas produce documents detailing all online sales of STANLEY® and STARBUCKS® products.

---

[1] Notably, the operative complaint does not discuss Starbucks' trademarks. *See generally* Dkt. No. 3. Rather, Starbucks is discussed only in the context of STANLEY® Quenchers. *Id.* at ¶ 25. Plaintiffs' counsel is fully aware, however, that such sales cannot constitute infringement under the First Sale Doctrine.

DEFENDANTS' MOTION TO SET ASIDE
THE ENTRY OF DEFAULT - 2
Civil Action No. 2:25-cv-02557-JNW

**Bamert Regan**
600 1st Ave, Suite 330-55215
Seattle, WA 98104
206.486.7020

Responsive to Plaintiffs' counsel communicating that settlement would not happen despite Defendants returning all accused products in their possession to Plaintiffs, the Calugas agreed on May 13, 2026, to have Bamert Regan fully represent them in this civil action. Once this agreement was finalized, the Calugas's counsel sent the Plaintiffs a letter in reply to Plaintiffs' April 22, 2026 email. *See* Ex. A. The reply letter notified Plaintiffs' counsel that: 1) the Calugas were not selling infringing STARBUCKS® products online because such products were made of plastic, not metal like Plaintiffs' asserted products, and were purchased directly from Starbucks for resale purposes; and 2) evidence of the online storefront at issue had not been deleted and was kept and maintained by Poshmark, not the Calugas.[2] *See id.* The Calugas's counsel filed their Notice of Appearance and Request for Pro Hac Vice Admission forms on May 21, 2026. Dkt. Nos. 17, 18.

### III.    Legal Standard

Courts may set aside an entry of default "for good cause shown." Fed. R. Civ. P. 55(c). To make this determination, the Court considers "'(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004)). "A finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Shaisnikoff v. M/V Namaka*, 2025 WL 593046, at *2 (W.D. Wa. Feb. 24, 2025) (internal quotation omitted). This test "is more liberally applied where a party

---

[2] Indeed, Plaintiffs recently issued a subpoena on Poshmark for documents and mailed it to the Calugas; the Calugas received the subpoena and Plaintiffs' Notice of Intent on May 19, 2026. In doing so, Plaintiffs' counsel violated Rule of Professional Conduct 4.2 because they knew that the Calugas were represented by attorneys at Bamert Regan, but Plaintiffs' counsel failed to send the subpoena to the Calugas' counsel. *See* Washington RPC 4.2. Thus, the Calugas reserve the right to seek all necessary relief associated with this breach of Plaintiffs' counsels' duties.

DEFENDANTS' MOTION TO SET ASIDE
THE ENTRY OF DEFAULT - 3
Civil Action No. 2:25-cv-02557-JNW

**Bamert Regan**
600 1st Ave, Suite 330-55215
Seattle, WA 98104
206.486.7020

seeks relief from an entry of default." *HTP, Inc. v. First Merit Group Holdings, Inc.*, 2021 WL 4963639, at *1 (W.D. Wa. Oct. 26, 2021) (internal citations omitted).

But "[t]he Court need not wait for a Rule 55 motion—the Court can *sua sponte* set aside the entry of default." *Thompson v. Seattle Public Schools*, 2025 WL 4686402, at *3 (W.D. Wa. May 7, 2025) (internal citations omitted).

Ultimately, except in "extreme circumstances," a case should be decided on the merits rather than by default. *Amazon.com Services LLC v. Paradigm Clinical Research Institute Inc.*, 2024 WL 1344814, at *1 (W.D. Wa. Mar. 29, 2024) (internal citations omitted) (Whitehead, J.).

### IV.    Argument

**A.  The Calugas Did Not Engage In Culpable Conduct Leading to the Default.**

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Amazon.com Services*, 2024 WL 1344814, at *2 (quoting *Mesle*, 615 F.3d at 1092 (emphasis in original)). "[T]he term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" The Ninth Circuit has "typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Hoffman v. Regan Gold Group LLC*, 2025 WL 1725139, at *1 (W.D. Wa. June 20, 2025) (internal quotation omitted).

The Calugas were served on December 29, 2025 (*see* Dkt. Nos. 10, 11), but they are an unsophisticated party and did not act in bad faith or intentionally fail to answer. Indeed, before the

DEFENDANTS' MOTION TO SET ASIDE
THE ENTRY OF DEFAULT - 4
Civil Action No. 2:25-cv-02557-JNW

**Bamert Regan**
600 1st Ave, Suite 330-55215
Seattle, WA 98104
206.486.7020

lawsuit was filed, the Calugas complied with Plaintiffs' requests to return the accused STANLEY® products on February 5, 2025, to resolve this matter without resort to civil action. This fact alone shows that there is no culpable conduct because "[c]ourts generally find conduct culpable when it involved actions that are 'calculated to **help them retain property in their possession**, and avoid liability by staying out of court[.]'" *Hoffman*, 2025 WL 1725139, at *2 (quoting *Mesle*, 615 F.3d at 1094 (emphasis added)).

Plaintiffs nonetheless proceeded with civil action despite the Calugas's complete performance according to Plaintiffs' demands. The Calugas then sought and retained counsel to resolve this matter through settlement. *See* Section II, *supra*. Once it became clear that Plaintiffs are not interested in resolution of this matter whatsoever, the Calugas's counsel filed their notice of appearance and request for *pro hac vice* admission. *See id.* Thus, the Calugas's conduct was not culpable, because they acted in good faith to resolve this matter and, when it became clear that Plaintiffs are not interested in resolution, engaged its counsel to appear. *See Hoffman*, 2025 WL 1725139, at *2; *see also Amazon.com Services*, 2024 WL 1344814, at *2 (citing *Mesle*, 615 F.3d at 1092).

### B. The Calugas Have Meritorious Defenses.

The Calugas have meritorious defenses requiring the entry of default to be set aside. First, they returned the remaining accused STANLEY® products to Plaintiffs on February 5, 2025, and they no longer sell STANLEY® products. *See* Section II, *supra*. Second, the Calugas sell plastic STARBUCKS® products purchased directly from Starbucks for resale; thus, they do not infringe any STARBUCKS® trademarks and have a right to sell such products under the First Sale Doctrine. These factual allegations are "accepted as true for the purpose of setting aside default." *Bergman v. Moto*, 2023 WL 3599875, at *1 (W.D. Wa. May 23, 2023) (internal citation omitted). Thus, they

DEFENDANTS' MOTION TO SET ASIDE
THE ENTRY OF DEFAULT - 5
Civil Action No. 2:25-cv-02557-JNW

**Bamert Regan**
600 1st Ave, Suite 330-55215
Seattle, WA 98104
206.486.7020

are sufficient to "constitute a defense," requiring the entry of default to be set aside. *Amazon.com Services*, 2024 WL 1344814, at *2.

Moreover, Plaintiffs' claims are precluded under a variety of other theories and doctrines, including the statute of limitations, First Sale Doctrine protecting the Calugas's sales of the accused STANLEY® products, a lack of standing by Plaintiffs to bring its claims related to the STARBUCKS® products, and others. Defendants will therefore not only defend against Plaintiffs' claims but also bring their own counterclaims and seek recovery of their attorney fees and costs from Plaintiffs, not only for violating the Rules of Civil Procedure but for bringing meritless claims without a sufficient factual investigation.

**C. Plaintiffs Would Not Be Prejudiced by Litigating This Case on the Merits.**

There is no prejudice in setting aside the motion for entry of default because the Calugas have only recently appeared in this matter, and no answers or substantive motions have been filed. *Stengel v. First National Bank of Omaha*, 2026 WL 35302, at *3 (W.D. Wa. Jan. 6, 2026). Moreover, as explained above (*see* Section II, *supra*), Plaintiffs' counsel is aware that no evidence has been destroyed and where the Plaintiffs could find such evidence. This factor thus also weighs in favor of the Calugas because there has not been a "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Stengel*, 2026 WL 35302, at *3 (internal quotation omitted).

**V.    Conclusion**

Defendants Jorge and Ada Calugas therefore respectfully request that the Court set aside the entry of default (Dkt. No. 16).

DEFENDANTS' MOTION TO SET ASIDE
THE ENTRY OF DEFAULT - 6
Civil Action No. 2:25-cv-02557-JNW

**Bamert Regan**
600 1st Ave, Suite 330-55215
Seattle, WA 98104
206.486.7020

Respectfully submitted on this 22nd day of May, 2026.

BAMERT REGAN

s/ John J. Bamert
John J. Bamert, WSBA No. 48128
Bamert@BamertRegan.com
206.486.7022

600 1st Ave, Suite 330-55215
Seattle, WA 98104

*Counsel for Defendants Jorge and Ada Calugas*

DEFENDANTS' MOTION TO SET ASIDE
THE ENTRY OF DEFAULT - 7
Civil Action No. 2:25-cv-02557-JNW

**Bamert Regan**
600 1st Ave, Suite 330-55215
Seattle, WA 98104
206.486.7020