UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PACIFIC MARKET INTERNATIONAL LLC et al.,

Plaintiffs,

v.

JORGE CALUGAS et al.,

Defendants.

CASE NO. 2:25-cv-02557-JNW

ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT

## 1. INTRODUCTION

This matter comes before the Court on Defendants Jorge and Ada Calugas's motion to set aside the entry of default under Federal Rule of Civil Procedure 55(c). Dkt. No. 20.

Plaintiffs Pacific Market International LLC and PMI WW Brands LLC ("Plaintiffs") sued Defendants over their online resale of STANLEY-branded products that, Plaintiffs allege, were defective or non-conforming goods sent to a facility to be destroyed rather than sold. Defendants were personally served with the Amended Complaint but did not answer or otherwise defend, so Plaintiffs moved for entry of default and the Clerk of the Court entered one against them.

Dkt. Nos. 14, 16. Defendants appeared through counsel nearly two months later and now ask the Court to undo that default.

Having reviewed the Parties' briefing, the relevant record, and governing law, the Court finds oral argument unnecessary. For the reasons explained below, the Court GRANTS the motion.

## 2. LEGAL STANDARD

The Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). To find "good cause," the Court must consider three factors: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citation modified). A court may refuse to set aside entry of default if it finds any of these factors is present—i.e., that the defendant engaged in culpable conduct, lacks a meritorious defense, or relief would prejudice the plaintiff. *Id.* Defendants bear the burden of showing that the factors favor relief. *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004).

Except in "extreme circumstances," a case should be decided on the merits rather than by default. *Mesle*, 615 F.3d at 1089. "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). And "[w]here timely relief is sought from a default . . . and the movant has a

meritorious defense, doubt, if any, should be resolved in favor of" setting aside the default. *Id.* at 945–46 (citation omitted).

## 3. DISCUSSION

### 3.1 Defendants did not engage in culpable conduct.

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092. A "conscious choice not to answer" a complaint is not enough; "the movant must have acted with bad faith." *Id.* "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith[.]" *Id.* Some examples of bad faith include "an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Id.* The Ninth Circuit "ha[s] 'typically held that a defendant's conduct was culpable for purposes of the good cause factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond.'" *Id.* (citation modified).

Defendants argue that they are an unsophisticated party and did not act in bad faith or intentionally fail to answer. Defendants contend that they tried to comply with Plaintiffs' requests and resolve the dispute outside of legal action. Defendants argue that they complied with Plaintiffs' requests by returning some of the offending accused products identified in the Amended Complaint. Plaintiffs

respond that Defendants ignored three explicit warnings to hire a lawyer, a certified notice of intent to seek default, and the motion for default itself. Dkt. No. 21 at 3–4.

Which standard governs depends on who defaulted. Plaintiffs are right that the Ninth Circuit has two lines of cases on culpability. *Curtis v. Illumination Arts, Inc.*, No. 12-cv-00991-JLR, 2014 WL 1466317, at *6–7 (W.D. Wash. Apr. 15, 2014). Courts may assume that a legally sophisticated party's failure to answer was intentional, but for everyone else bad faith must be shown. *Id.; Mesle*, 615 F.3d at 1093. Judge Robart applied the first standard in *Curtis* because the defendant there "was represented at the time the court entered default." 2014 WL 1466317, at *7. Here, Defendants were not. Plaintiffs say the deleted Poshmark listings show Defendants are more sophisticated than they claim, Dkt. No. 21 at 5–6, but taking down a listing on a resale app says little about a party's grasp of the Federal Rules. So Plaintiffs must show bad faith, and they have not done so here.

Plaintiffs' pre-default case is that Defendants knew about this lawsuit and failed to answer it. That is true, but a movant "cannot be treated as culpable simply for having made a conscious choice not to answer[.]" *Mesle*, 615 F.3d at 1092. Defendants' efforts to resolve Plaintiffs' claims outside of this litigation were not a substitute for answering the Amended Complaint. Even so, Defendants' conduct was not culpable. Culpable behavior "usually involves conduct by parties that is calculated to help them retain property in their possession, and avoid liability by staying out of court[.]" *Id.* at 1094. Defendants returned the accused products before Plaintiffs sued. Furthermore, Defendants' efforts to retain counsel, even if untimely, show that they were not acting to thwart the legal process.

Plaintiffs also point to the fact that defense counsel acknowledged the default order on April 7, 2026, but did not appear until May 21, nine days after Plaintiffs noticed their intent to subpoena Poshmark. Dkt. No. 21 at 4–5 n.2. That delay bears on how promptly Defendants sought relief—they moved the day after appearing—but this factor asks about culpable conduct "that led to the default," *Mesle*, 615 F.3d at 1091, and the conduct Plaintiffs describe "occurred *after* Defendant[s'] initial failure to answer." *Operating Engineers' Health & Welfare Tr. Fund for N. Cal. v. Vortex Marine Constr. Inc.*, No. 17-cv-03614-KAW, 2018 WL 1993392, at *3 n.1 (N.D. Cal. Apr. 27, 2018).

**3.2 Defendants have alleged meritorious defenses.**

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *Mesle*, 615 F.3d at 1094. A defendant need only "allege sufficient facts that, if true, would constitute a defense." *Id.* The Ninth Circuit has emphasized that the burden to establish a meritorious defense is minimal. *TCI Grp. Life Ins. Plan v. Knoebber,* 244 F.3d 691, 700 (9th Cir. 2001).

Defendants argue they have returned the remaining accused products to Plaintiffs. They also assert that the products they sold were bought for resale, so selling them infringed nothing. They argue that Plaintiffs' claims are precluded by the statute of limitations, the First Sale Doctrine, and standing principles. Defendants' arguments, if true, establish a "legally cognizable defense[]" as to the

sufficiency of the complaint, *Lee v. Thornburg Mortg. Home Loans Inc.*, No. 14-cv-00602-NC, 2014 WL 1724850, at *3 (N.D. Cal. Apr. 29, 2014), and raise factual questions that "go to the merits of the case, and should not be decided on a motion to set aside default." *Operating Engineers'*, 2018 WL 1993392, at *4.

**3.3 Setting aside the default would not prejudice Plaintiffs.**

Prejudice occurs when a plaintiff's ability to pursue his claim would be hindered by setting aside the entry of default. *TCI Grp. Life Ins. Plan,* 244 F.3d at 701. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Id.*

Plaintiffs would not be prejudiced by setting aside the entry of default. Defendants have recently appeared, and no substantive motions have been filed. There is no reason to believe the delay here would result in a "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (citation modified).

Thus, all three factors in the "good cause" analysis for setting aside an entry of default under Rule 55(c) favor Defendants. Defendants' conduct was not culpable, they alleged facts sufficient to establish at least one meritorious defense, and setting aside the entry of default would not prejudice Plaintiffs.

## 4. CONCLUSION

The motion to set aside entry of default, Dkt. No. 20, is GRANTED. The Court VACATES the entry of default against Defendants. Dkt. No. 16. Defendants

must file a response to the Amended Complaint no later than 14 days from the date of this order.

Dated this 31st day of August, 2026.

Jamal N. Whitehead
United States District Judge